### BOSTON & M. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. October 18, 1917.)

No. 1284.

INSPECTION ☞7—PLANT INSPECTION—STATUTE.

Under Plant Quarantine Act Aug. 20, 1912, c. 308, 37 Stat. 315 (Comp. St. 1916, §§ 8752–8764), declaring that the interstate shipment of nursery stock and other plants, and plant products from one quarantined area to another, shall be unlawful without inspection, etc., the transportation of sawn and squared pine lumber from Maine to Massachusetts without a certificate showing that it had been inspected and pronounced free from gypsy moth is not a violation, for the act was not intended to apply to wood products manufactured to that extent.

In Error to the District Court of the United States for the District of Maine; Clarence Hale, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Boston & Maine Railroad Company was convicted of transporting, in violation of the Plant Quarantine Act of August 20, 1912, one carload of pine lumber from Maine into Massachusetts without a certificate showing it had been inspected and pronounced free from gypsy moth infection, and it brings error. Reversed and remanded.

David W. Snow, of Portland, Me. (Symonds, Snow, Cook & Hutchinson, of Portland, Me., on the brief), for plaintiff in error.

John F. A. Merrill, U. S. Atty., of Portland, Me.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

PER CURIAM. The information in this case charges the railroad company with transporting "one carload of pine lumber" from Saco, Me., to Holyoke, Mass., without a certificate showing that it had been inspected and pronounced free from gypsy moth infestation; in violation of the Plant Quarantine Act of August 20, 1912 (37 Stat. 315). The District Court has overruled a demurrer for insufficiency in law, which is assigned as error by the defendant railroad.

It was agreed by counsel at the argument that the lumber constituting the carload referred to in the information was sawn and squared pine lumber.

Such lumber, though in a sense a "plant product," we cannot regard as covered by the intended meaning of the act. We are unable to believe the quarantine and inspection requirements thereby established applicable in the case of wood products with regard to which a process of manufacture has been carried to such an extent as in this case. We think the demurrer should have been sustained.

The judgment of the District Court is reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion.